GOSSARD, Respondent, v. STEVENS, Appellant.

(166 N. W. 233.)

(File No. 4208.   Opinion filed February 5, 1918.)

1.  **Executors and Administrators—Evidence—Claims Against Estate—Land Tenancy, Account Involving—Service Performed, Payment Made, Whether Warranting Judgment.**

Where, after plaintiff's claim against his deceased father's estate, arising upon occupancy of decedent's land, and embracing items for labor performed and moneys expended had been rejected by the executor and by county court, held, in an action thereon in circuit court, the only competent evidence of the items in general being that of the executor's admission as a witness that the terms of lease between son and father was that he understood "that each was to go one-half," and plaintiff's proof that he performed the work and made the payments mentioned in the account, that it does not follow therefrom that plaintiff was entitled to judgment for the amount of the items.

2.  **Evidence—Claims Against Estate—Proved Item in Account, Admitted Off-set, Whether Applicable in Liquidation of Item.**

Where, in a suit against an estate upon an account involving plaintiff's occupancy of decedent's land, a certain item was duly proven, held, that, in view of an admitted credit or offset in the account and of plaintiff's evidence showing receipt by him of money from decedent, far exceeding said item, it cannot be determined therefrom that said offsets should not be applied in liquidation of said items.

Appeal from Circuit Court, Hand County.   Hon. JOHN F. HUGHES, Judge.

Action by J. F. Gossard, against Carl C. Stevens, executor of W. A. Gossard, deceased.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed and remanded for new trial.

*Frank R. Fisher,* and *C. M. Carroll,* for Appellant.

*Harlan J. Bushfield,* for Respondent.

To point one of the opinion, Appellant cited:   Hogsitt v.

Ellis, 17 Mich. 35; McDermott v. Carroll 11 S. D., 323, 77 NW. 579.

GATES, J.  Plaintiff presented to the executor of the last will and testament of his deceased father a claim against the estate relating chiefly to a quarter section of land owned by the deceased in Hand county, and which plaintiff occupied during the years 1911, 1912, and 1913, as follows:

| | |
|---|---:|
| "To breaking 22½ acres sod at $3.50 per acre | $ 78.75 |
| To plowing 120 acres land at $2 per acre | 240.00 |
| To breaking sod 7½ acres at $3.50 per acre | 25.75 |
| To clearing of land of stone 1911 to 1913 | 50.00 |
| To flax seed for 1913 8 bu. 12 lb | 10.25 |
| To balance on house in Kelley, Ia | 86.65 |
| To taxes on Hand county land | 31.18 |
| To thresh bill | 2.83 |
| | $525.41 |
| Credit for wheat grown on Hand county land 1913 | 30.37 |
| Net balance due | $495.04" |

This claim was rejected by the executor and by the county court. In an action thereon in the circuit court plaintiff recovered a judgment for $301.66 and costs. From the judgment and an order denying a new trial defendant appeals. Aside from the item of $86.65 in the account, which will be referred to later, the only competent evidence furnishing the basis of any liability from the deceased to plaintiff was the following testimony given by the defendant.

"Q. You knew that the terms of the lease between son and father was that each was to go one-half? A. I understood it that way; yes. sir."

Assuming that to have been the arrangement between the father and son, it does not follow that plaintiff, upon proof that he performed the work and made the payments mentioned in the account, was entitled to recover judgment against the executor for the amount of the items. In spite of the fact that four witnesses testified that plaintiff stated, after his father's funeral, that all matters between himself and his father were settled except for a note he owed his father, we should be obliged to sustain

the judgment in so far as the item of $86.65 is concerned, if that were the only item in the account, because there was competent evidence by one witness which, if believed by the jury, would be sufficient to sustain the verdict as to the item. However, in view of the admitted offset in the above account and the evidence of plaintiff showing the receipt of money by him from his father, which amounts far exceed the said item of $86.65, we cannot at this time determine that they should not be applied in liquidation of said item.

Because of the absence of foundation for the admission of evidence of any liability as to the other items, the judgment and order appealed from are reversed, and the cause is remanded for a new trial, with costs to appellant.